UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                :
:  10 Cr. 798-03 (PAC)
-against-                                :
:  **ORDER**
FABIO MOREL                              :
:
*Defendant.*                             :
:
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Fabio Morel, *pro se*, filed a motion under Federal Rule of Criminal Procedure 32 objecting to a Probation Department memorandum stating that he is ineligible for a sentencing reduction pursuant to Amendment 782 to the United States Sentencing Guidelines. The Court denies the motion.

Morel moved for a sentencing reduction based on Amendment 782 on January 16, 2015. Amendment 782 instituted a two-level, retroactive reduction to the Guidelines base offense level for certain categories of drug-related offenses. To be eligible for a sentence reduction, Morel's sentence must have been "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On June 16, 2015, the Probation Department issued a memorandum stating that "Morel is ineligible for a reduction because his guideline range is based on the murder committed during the instant offense, and not the amount of the drugs involved." Dkt. 172. On July 1, 2015, the Court denied Morel's motion, citing the Probation Department's memorandum.

Now, over three years later, Morel objects to the Probation Department's memorandum. The basis of his objection is that Morel "was neither charged nor sentenced with respect to any murder." Dkt. 202 at 2. Morel need not have been charged or tried with murder, however, for the Court to find by a preponderance of the evidence that a murder was committed in the course of the conspiracy, and to apply the murder cross reference at U.S.S.G. § 2D1.1(d)(1), which increases an offense level to 43 by reference to U.S.S.G. § 2A1.1. *See Alleyne v. United States*, 570 U.S. 99, 116-17 (2013) (clarifying that only facts that increase statutory minimum or maximum sentences must be found by jury); *United States v. Cordoba-Murgas*, 233 F.3d 704, 709 (2d Cir. 2000) (applying preponderance of evidence standard to judicial fact-finding of murder for purposes of U.S.S.G. § 2D1.1(d)(1)). That is precisely what the Court did at sentencing. *See* Sentencing Tr. at 21:7-12 ("[T]hen with the cross reference to the murder guideline I'm going to find that the correct calculation of the offense level is 43."). Thus, Morel's objection is baseless. *See Harrison v. United States*, No. 17-cv-271, 2017 U.S. Dist. LEXIS 68394, at *16 (S.D.N.Y. Apr. 28, 2017) (denying motion to reduce sentence because movant's offense level was based on enhancement for uncharged murder committed during the offense, instead of the amount of drugs involved). The motion is denied.

Dated: New York, New York
July 30, 2018

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed to:
Fabio Morel
Fed Reg. # 14558-057
Federal Correction Institution
33 ½ Pembroke Road
Danbury, CT 06811-3099

2