UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA                              :

                                                      :          10 Cr. 798 (PAC)

        - against -                                   :

                                                      :          **OPINION & ORDER**

FABIO MOREL,                                          :

        Defendant.                                    :

-------------------------------------------------------------------X

Fabio Morel, an inmate at Federal Correctional Institution Danbury ("FCI Danbury")

acting *pro se*,[1] renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

Renewed Mot. Compassionate Release 1, ECF No. 222 ("Renewed Mot."). The Court denied

Morel's initial motion on June 22, 2020, because he had not established extraordinary and

compelling reasons warranting a sentence reduction, and continued incarceration was necessary

"to maintain the integrity of Morel's sentence." *United States v. Morel*, 10 Cr. 798, 2020 WL

3412907, at *3–4 (S.D.N.Y. June 22, 2020).

The Court denied Morel's motion "without prejudice to its renewal should Morel's health

or conditions at FCI Danbury materially worsen." *Id.* at *4. In his renewed motion, Morel lists

---

[1] Because Morel is representing himself, the Court construes his filings liberally and interprets
them to raise the strongest arguments they suggest. *United States v. Kosic*, No. 18 Cr. 30, 2021
WL 1026498, at *1 n.1 (S.D.N.Y. Mar. 17, 2021). But Morel still bears the burden of
establishing extraordinary and compelling reasons that warrant a sentence reduction, and
demonstrating that such a reduction would be consistent with the applicable sentencing factors
set forth in 18 U.S.C. § 3553(a). *Id.* The Court may consider "the full slate of extraordinary and
compelling reasons" that Morel might raise, except that the Court may not consider rehabilitation
alone an extraordinary and compelling reason. *United States v. Brooker*, 976 F.3d 228, 237–38
(2d Cir. 2020). Even after *Brooker*, the Court's analysis focuses on conditions specific to Morel
rather than conditions affecting society (or inmates) generally. *See United States v. Jaquez*, No.
17 Cr. 415, 2021 WL 857364, at *3 (S.D.N.Y. Mar. 8, 2021).

additional health conditions that put him at an increased risk of experiencing severe illness if he contracts COVID-19, and argues that if he were sentenced today, he would be subject to lesser penalties. Renewed Mot. 11–12, 23–35. Morel asks the Court to reduce his sentence to time served. *Id.* at 9, 16.

The Government does not contest that Morel has exhausted his administrative remedies as § 3582(c)(1)(A) requires, but argues that Morel has not established extraordinary and compelling reasons and that the relevant § 3553(a) factors continue to weigh against a sentence reduction. Resp. Opp'n 2 & n.1, 3–4, ECF No. 223. The Government is correct. Accordingly, Morel's renewed motion for a sentence reduction is DENIED.

### *Extraordinary & Compelling Reasons*

Morel's argument that his health conditions are extraordinary and compelling falls flat, given that he has received both doses of the Moderna COVID-19 vaccine. Resp. Opp'n 2. Because Morel is fully vaccinated and FCI Danbury has zero active cases of COVID-19, the risk that Morel "will contract COVID-19 and become seriously ill is extremely small." *United States v. Pabon*, No. 17 Cr. 312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see also United States v. Johnson*, No. 94 Cr. 631, 2021 WL 640054, at *5 (S.D.N.Y. Feb. 18, 2021) (finding no extraordinary and compelling reasons where obese inmate had received first vaccine dose and would soon receive second dose); Bureau of Prisons ("BOP"), *Covid-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 6, 2021). Moreover, 565 inmates and 180 staff members of FCI Danbury have been fully vaccinated against COVID-19, further reducing Morel's risk. BOP, *Covid-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last visited July 6, 2021); *United States v. Torres*, No. 17 Cr. 444, 2021 WL 1687502, at *3 (S.D.N.Y. Apr. 28, 2021). Morel complains of hypertension, Lyme disease, high cholesterol,

and obesity. Renewed Mot. 11. He argues that "his numerous complex [health] issues . . . are untreatable by the BOP medical staff," and that "[h]e is in a constant state of pain and suffering." *Id.* at 12. But Morel does not explain how those conditions are complex or why he believes the BOP is unable to treat them, and he does not provide any evidence that the BOP is failing to meet his needs. *See Kosic*, 2021 WL 1026498, at *3. On this record, Morel's health conditions, combined with the threat of COVID-19, are not extraordinary and compelling.

Morel's argument that there is a "gross disparity" between the sentence this Court imposed on him and the sentence he would receive today (Renewed Mot. 23–32) fails, too. Assuming that the Court should address this argument in a compassionate release motion, even though it concerns alleged legal wrongs,[2] the argument fails because Morel *would not* be subject to a lesser penalty if he were sentenced today. The jury found Morel guilty of conspiring to distribute or possess with intent to distribute five kilograms or more of cocaine. Jury Verdict Form 2, ECF No. 89.[3] That offense comes within 21 U.S.C. § 841(b)(1)(A) (and is still subject to a maximum sentence of life imprisonment), not, as Morel contends, 21 U.S.C. § 841(b)(1)(C) (which prescribes a maximum sentence of 20 years' imprisonment). And Morel's argument (Renewed Mot. 32–35) that the Court violated *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) by applying the Sentencing Guidelines' cross-reference for murder (U.S.S.G. § 2D1.1(d)(1)) without a jury finding of guilt beyond a reasonable doubt fails because the application of

---

[2] *See United States v. Darling*, No. 10-cr-00640-PAC-2, 2021 WL 2070146, at *4 n.4 (S.D.N.Y. May 24, 2021); *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("Although the Court has the discretion to determine what qualifies as an extraordinary and compelling reason, the Court believes that it would be both improper and inconsistent with the First Step Act to allow [the defendant] to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition.").

[3] The jury also found Morel guilty of distributing or possessing with intent to distribute 500 grams or more of cocaine. Jury Verdict Form 3.

U.S.S.G. § 2D1.1(d)(1) did not increase the maximum sentence Morel faced (which was already life imprisonment). Instead, it increased only his offense level; thus, the Court was not required to submit to the jury the issue of whether Morel participated in the uncharged 2004 murder of an individual[4] before applying the murder cross reference to his Guidelines calculation. Sent'g Tr. 21:7–12, ECF No. 145; *United States v. Fusco*, 560 F. App'x 43, 45–46 (2d Cir. 2014) ("The District Court's judicial factfinding with respect to the murders did not increase the prescribed 45–year statutory maximum for the convicted crimes, and therefore does not implicate *Apprendi* or its progeny.") (citing *United States v. Norris*, 281 F.3d 357, 359 (2d Cir. 2002)).

Finally, Morel's rehabilitation is not extraordinary and compelling. Morel relates that he "acts as a mentor for young inmates, works in a position of trust as a unit orderly[,] and was programming prior to the pandemic lockdown." Renewed Mot. 17. This sort of rehabilitation is not extraordinary, and in any event, "rehabilitation alone cannot establish extraordinary and compelling reasons." *United States v. Paredes-Cordova*, No. S8 03 Cr. 987, 2021 WL 761849, at *6 (S.D.N.Y. Feb. 26, 2021) (citing *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020); *United States v. Strong*, No. 11 Cr. 1032-31, 2021 WL 75660, at *5 (S.D.N.Y. Jan. 7, 2021)).

Even if he could establish extraordinary and compelling reasons, the Court would deny Morel's renewed motion because the § 3553(a) factors weigh against granting him a sentence reduction.

*Section 3553(a) Factors*

Morel does not raise anything that affects the Court's analysis of the § 3553(a) factors, which continue to weigh against reducing his sentence. "The Court has not changed its view

---

[4] *See Morel*, 2020 WL 3412907, at *1.

either of the 'nature and circumstances' or 'seriousness' of Morel's offense, the need 'to afford adequate deterrence,' or the need 'to protect the public from further crimes of the defendant.'" *Morel*, 2020 WL 3412907, at *4 (quoting § 3553(a)). Given his almost immediate return to drug dealing after incurring a 136-month sentence for possession with intent to distribute cocaine base, his "critical role" in the Lopez Organization as its leader's "right-hand man," and his efforts to sustain that Organization's drug trafficking (including packaging and retrieving cocaine, picking up drug money, and acting as the getaway driver for a murder), the 300 months' imprisonment that the Court imposed remains the sentence "sufficient, but not greater than necessary" to meet § 3553(a)'s purposes. *Id.* at *1, *4; § 3553(a); *United States v. Johnson*, No. 10 CR 431, 2021 WL 1222234, at *3 (S.D.N.Y. Apr. 1, 2021) (finding that the § 3553(a) factors "strongly counsel[ed] against any reduction" for a defendant who acted as a lieutenant to a cocaine-trafficking organization, was involved in the murder of a rival drug trafficker, and was arrested for the instant conduct only two years after his release from state prison).

Morel has still served only about half of his effective sentence. *See Morel*, 2020 WL 3412907, at *4 (noting that Morel's projected release date is September 10, 2031); *see also* Renewed Mot. 17 ("Mr. Morel has been incarcerated for nearly 12 years."). Releasing him now "would contravene the enhanced minimum penalty of 15 years['] imprisonment in 21 U.S.C. § 841(b)(1) triggered by the [Prior Felony Information regarding Morel's 1991 conviction for possession with intent to distribute cocaine base]." *Morel*, 2020 WL 3412907, at *4. "Courts have been more inclined to grant motions for compassionate release where defendants have completed a sufficient portion of their sentence (often two thirds or three quarters) such that the court can be satisfied that the aims of the original punishment have been met." *Id.* As discussed *supra*, the Court is not satisfied that those aims have been met here.

5

## CONCLUSION

Morel's renewed motion for compassionate release is denied because Morel has failed to establish extraordinary and compelling reasons, and even if he could, reducing his sentence would undermine the sentencing goals of 18 U.S.C. § 3553(a). Morel's request for the appointment of counsel is denied.

The Clerk of Court is directed to close the motion at ECF number 222.

Dated: New York, New York  
      July 7, 2021

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY  
United States District Judge