UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,

       - against -
                                    **MEMORANDUM AND ORDER**

FABIO MOREL,
                                    10 Cr. 798 (NRB)

              Defendant.

-------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Following an eight-day jury trial, defendant Fabio Morel was convicted of two counts: (1) conspiracy to distribute and possession with intent to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; and (2) distribution and possession with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). ECF No. 89 at 2-3.[1] At the time of his sentencing, Probation calculated that Morel had an offense level of 43 and a criminal history category of III under the then-applicable sentencing guidelines. See ECF No. 240 ("Supplemental PSR") at 3; ECF No. 133 at 2. Under those guidelines, Morel faced a minimum sentence of life in prison. Supplemental PSR at 3. On June 6, 2012, Judge Paul Crotty sentenced Morel to a term of 300 months imprisonment. See Supplemental PSR at 3; ECF No. 133 at 2.

---

[1] On April 1, 2024, this case was reassigned to this Court from the docket of Judge Paul A. Crotty.

Defendant has filed a motion for compassionate release, relying exclusively on Amendment 821 to the sentencing guidelines. See ECF Nos. 238, 239.  Amendment 821, which went into effect on November 1, 2023 and applies retroactively, provides for a potential recalibration of a defendant's sentencing guidelines if: (i) the defendant had zero criminal history points at the time of sentencing; or (ii) the defendant committed the instant offense while under a criminal justice sentence.  See U.S. Sent'g Guidelines Manual ("U.S.S.G.") §§ 4A1.1, 4C1.1.  Critically, a defendant is ineligible for a sentence reduction if his original sentence was below the amended guidelines sentence.  See U.S.S.G. § 1B1.10(b)(2)(A).

Having considered the record in this case, the Court finds that the defendant is ineligible for a sentence reduction under either prong of Amendment 821.  Under the criminal history prong, Morel had three criminal history points at the time of his sentencing and is disqualified from receiving a recalibration of his sentence.  Supplemental PSR at 2.[2]  Under the criminal justice sentence prong, Morel is ineligible for a sentence reduction because the original sentence is below the low end of the amended

---

[2]   Prior to his current sentence, Morel served 136 months' imprisonment following a conviction of possession with intent to distribute cocaine base. Supplemental PSR ¶ 55.

-2-

sentencing guidelines range. Id. at 3. Specifically, even assuming an amended offense level of 43 and an amended criminal history category of II, the amended guidelines sentence is still life imprisonment. Id. The United States Probation Department reached the same conclusion when it issued a report finding that Morel is not eligible for a sentence reduction. See id.

Accordingly, the defendant's motion is denied. The Clerk of Court is respectfully instructed to terminate the motion pending at ECF Nos. 238 and 239 and to mail a copy of this decision to Morel (No. 14558-057) at Federal Correctional Institution Danbury in Danbury, Connecticut.

**SO ORDERED.**

Dated:   November 7, 2024
         New York, New York

                                           _____
                                                 NAOMI REICE BUCHWALD
                                           UNITED STATES DISTRICT JUDGE