UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

THE UNITED STATES OF AMERICA,

      - against –

FABIO MOREL,

           Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

10 Cr. 798 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Presently before the Court is defendant Fabio Morel's ("Morel" or "defendant") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] See ECF No. 236 ("Mot."). Defendant is currently incarcerated at Federal Correctional Institution Danbury in Danbury, Connecticut, and has a projected release date of September 10, 2030.[2] For the following reasons, defendant's motion is denied.

    Between 2002 and 2010, Morel participated in a criminal enterprise (the "Lopez Organization") that trafficked more than 1,000 kilograms of cocaine from Puerto Rico to New York. Presentence Report ("PSR") ¶¶ 14, 15, 26; ECF No. 131 at 1–2. This operation generated millions of dollars in profits for Morel and

---

[1]    On April 1, 2024, this case was reassigned to this Court from the docket of Judge Paul A. Crotty.

[2]    See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited September 30, 2024).

his co-conspirators.  Id.  Morel served as the "right-hand man" to the leader of the Lopez Organization.  PSR ¶ 14.  In this capacity, Morel packaged cocaine in Puerto Rico, retrieved the drugs shipped to New York, and picked up the proceeds in Puerto Rico.  Id.  Morel is responsible for the distribution of over 150 kilograms of cocaine and was the getaway driver in the 2004 killing of Javier Sanchez, an individual who the Lopez Organization believed to be a threat to its illicit activities.  PSR ¶¶ 16, 33, 42.

On September 21, 2011, following an eight-day trial, a jury found Morel guilty of two counts: (1) conspiracy to distribute and possess with intent to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 ("Count One"); and (2) distribution and possession with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) ("Count Three").  ECF No. 89 at 2-3; see also United States v. Morel, No. 10 Cr. 798 (PAC), 2020 WL 3412907, at *1 (S.D.N.Y. June 22, 2020).

Faced with a minimum guidelines sentence of life in prison, Morel vigorously argued for a sentence of 20 years, or 240 months. See PSR at 23; ECF No. 128; ECF No. 145 ("Sent. Tr.").  Because Sanchez was killed under circumstances constituting first-degree murder during the course of a conspiracy, Morel's offense level

-2-

calculation included a cross reference to U.S.S.G. §2D1.1(d)(1),[3] resulting in a base offense level of 43. PSR ¶ 43; Sent. Tr. at 20-21. Morel, through counsel, contested the reference to U.S.S.G. §2D1.1(d)(1) and corresponding guidelines calculation in his sentencing memorandum, see ECF No. 128 at 2-3, and at his sentencing hearing, see Sent. Tr. 5-8. At Morel's sentencing hearing on June 6, 2012, Judge Paul Crotty recognized that Morel's base offense level was 43 due to the cross reference under U.S.S.G. §2D1.1(d)(1) but stated that he was "not going to sentence on that basis." Sent. Tr. 21:7-11. Ultimately, Judge Crotty sentenced Morel to 300 months on each count to run concurrently, followed by concurrent terms of supervised release of 10 years on Count One and eight years on Count Three. ECF No. 133 at 2.

In the years since, Morel has continued to challenge both his conviction and sentence. On July 2, 2014, the Second Circuit rejected Morel's appeal by summary order and affirmed the district court's evidentiary rulings. United States v. Lopez, 572 F. App'x 1, 2 (2d Cir. 2014).[4] On May 20, 2016, Morel moved pursuant to 28

---

[3]    U.S.S.G. §2D1.1(d)(1) states "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply §2A1.1 (First Degree Murder) or §2A1.2 (Second Degree Murder), as appropriate, if the resulting offense level is greater than that determined under this guideline."

[4]    On April 6, 2015, the Supreme Court denied the defendant's petition for a writ of certiorari. See Lopez v. United States, 575 U.S. 951 (2015).

U.S.C. § 2255 to vacate his sentence.  ECF No. 183; <u>see also</u> 16-cv-3342 (corresponding civil docket).  The Court denied the motion on April 20, 2017.  ECF No. 199.  On May 28, 2020, Morel moved to modify the terms of his imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 210.  The Court denied the motion for compassionate release on June 22, 2020.  ECF No. 213.  On April 8, 2021, Morel filed a renewed motion for compassionate release.  ECF No. 222.  The Court denied the renewed motion on July 7, 2021.  ECF No. 227.

Turning to the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Morel claims there are three reasons to modify his term of imprisonment: (1) the Court's application of the sentencing enhancement pursuant to U.S.S.C. §2D1.1(d)(1) for Morel's involvement in Sanchez's murder was in error because Sanchez was not a "victim," Mot. at 4–5; (2) Sanchez's murder was not "relevant conduct" that occurred during the commission of the offense of the conviction because the murder was not committed in preparation of, or in the course of attempting to avoid detection/responsibility for, the conspiracy, <u>id.</u> at 6–7; and (3) the Court failed to account for Sanchez's own wrongful conduct — i.e., that Sanchez stole from a member of the Lopez Organization, <u>id.</u> at 8.

-4-

These asserted reasons do not warrant relief under 18 U.S.C. § 3582(c)(1)(A).  A motion for compassionate release is "not an opportunity to second guess or to reconsider the sentencing court's original decision."  United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal quotations omitted); see also United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) ("[C]laims regarding the validity of [a defendant's] conviction and sentence . . . [a]re not a proper basis for a § 3582(c)(1)(A) motion.").  Congress has "impose[d] particular procedural limitations" for challenges to the validity of a conviction or sentence, United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022), such that defendants cannot use a compassionate release motion as "a channel to habeas relief or an end run around the limitations of section 2255," United States v. Fernandez, 104 F.4th 420, 430 (2d Cir. 2024).  Morel concedes as much, stating that challenging the lawfulness of his sentence "would not be authorized under Section 3582(c)(1)(A)."  Mot. at 7.

Despite his claims that he is not challenging his sentence, Mot. at 7, Morel's motion, properly construed, is a 28 U.S.C. § 2255 petition.  Morel's arguments pertaining to the Sanchez murder would require the Court to "[re]consider certain facts or law relevant to his sentencing" that would "effectively 'enable him to

pursue habeas relief through a compassionate release motion and thereby evade the procedural limitations on brin[g]ing habeas claims.'" United States v. Khan, No. 18-CR-830 (VSB), 2023 WL 2911021, at *3 (S.D.N.Y. Apr. 11, 2023) (citation omitted); see also United States v. Henderson, 858 F. App'x 466, 469 (3d Cir. 2021) ("A previously rejected claim of sentencing error could never qualify as an 'extraordinary and compelling reason' for compassionate release.").[5]

Morel's motion must be dismissed because it is a successive 28 U.S.C. § 2255 petition.  Where, as here, a petitioner has filed a prior petition pursuant to 28 U.S.C. § 2255, see ECF No. 183, he must "move[] in the appropriate court of appeals for an order authorizing the district court to consider a second or successive application," 28 U.S.C. § 2244(b)(3)(A).  Morel has not done so, requiring dismissal of his motion.  See United States v. Key et. al., No. 12-cr-712 (SHS), at ECF No. 740 (S.D.N.Y. Apr. 28, 2021) (dismissing compassionate release motion seeking release based on claims of actual innocence as a successive § 2255 petition).[6]

---

[5]    The Court notes that Morel contested the use of the murder guideline, albeit for different reasons, in his sentencing memorandum, see ECF No. 128 at 2-3, and at his sentencing hearing, see Sent. Tr. 5-7.  He also unsuccessfully appealed the district court's admission of evidence relating to Sanchez's murder. Lopez, 572 F. App'x at 3.

[6]    While the Government's opposition substantively addresses the merits of Morel's arguments, ECF No. 237 at 5-6, it would not be appropriate for this Court to do so as we cannot reach the merits of Morel's arguments.

Accordingly, for the reasons set forth above, Morel's motion for compassionate release is denied. Because Morel has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1963).

**SO ORDERED.**

Dated:    November 7, 2024
          New York, New York

_____
        NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

-7-